# PIKE *vs.* WIGGIN.

The declarations of a party in interest are admissible in evidence.

Where a sheriff had attached property, and taken a receipt for it, and it had gone back into the possession of the debtor ; in a suit in favor of the sheriff, upon the receipt, the declarations of the creditor, tending to show that he had agreed to a discharge of the receipter, are admissible in evidence.

ASSUMPSIT upon a contract signed by the defendant, dated Sept. 18, 1830, whereby he acknowledged the receipt of two oxen, and promised to keep them free of expense, and deliver them to the plaintiff on demand.

On the trial, it appeared in evidence that the oxen, on

the day of the date of the receipt, were attached on a writ, Batchelder *vs.* MacIntire, on which the plaintiff made service as a deputy sheriff—that an execution issued in said suit at April term, 1832, and the oxen were duly demanded of the defendant.

The oxen, after the attachment, remained in the possession of MacIntire, who exchanged them for others, and afterwards made several exchanges, the last of which was with one Ladd.

The execution was levied on the cattle so received of Ladd, and the avails applied to satisfy it in part, and it was contended by the defendant that these oxen were delivered up by MacIntire in lieu of the cattle receipted by the defendant, and that they were received by Batchelder, and the plaintiff, in satisfaction of the receipt.

The defendant offered evidence tending to show, that when the plaintiff came for the oxen, MacIntire told him he had exchanged the cattle which had been receipted by the defendant, and wished to know if he would take the Ladd cattle instead of them, on the receipt—that the plaintiff told him any arrangements he might make with Batchelder would be satisfactory—that Batchelder came soon after, and agreed to receive these cattle upon the receipt—and that they were thus taken and sold upon the execution.

The defendant then offered evidence of the declarations of Batchelder, soon after, that the defendant was clear, to which the plaintiff objected, but it was admitted.

The plaintiff released Batchelder from all liability to him on account of this suit, and he was admitted to testify, and contradicted the witnesses on the part of the plaintiff, but the jury found a verdict for the defendant.

*Christie*, and *Sullivan*, for the plaintiff.

*N. Eastman*, and *Bartlett*, for the defendant.

GREEN, J. The only question in this case is, whether the declarations of Batchelder were rightly admitted in evidence.

No objection was made to the admissibility of the testimony that the plaintiff said, that any arrangement made by Batchelder would be satisfactory—that Batchelder afterwards agreed to receive the Ladd cattle in discharge of the receipt, and that they were so taken, and sold on the execution. This was a lawful contract, which would discharge the defendant. 2 *N. H. Rep.* 89, *Cilley* vs. *Jenness.* If this evidence was credited there was an end of the action. It was to fortify this, that the evidence was introduced of Batchelder's declarations at a subsequent time, to which the objection is taken.

These declarations were rightfully admitted, because Batchelder was a party in interest at the time, and it had been proved that the plaintiff had recognized him as such. The receipt had been taken upon an attachment, made on his debt, and the property had gone back into the possession of the debtor. The plaintiff was liable only to Batchelder, and a discharge by him of the debt would have operated to discharge the receipt. 11 *Mass. Rep.* 320, *Lyman* vs. *Lyman.* So he might have discharged the plaintiff from his liability on account of the attachment, and that would have discharged the liability of the defendant ; and what he might have done thus indirectly, he might have done directly, and his discharge would have been valid. The plaintiff had no interest aside from the rights of Batchelder. When those were terminated, the claim of the plaintiff on the receipt was at an end. Batchelder therefore had a direct interest in the receipt, and the declaration of one who is a party in interest is admissible in evidence. 2 *Stark. Ev.* 41, 44.

Nor can the subsequent release, from the plaintiff to Batchelder, for the purpose of making him a witness, deprive the defendant of the benefit of this testimony. It is not perfectly clear that this release was sufficient to make him a witness, without a release or assignment from Batchelder to

the plaintiff of all interest in the suit. And if such release had been given, it must have taken away any right of the plaintiff to recover more than nominal damages. Possibly he might under some circumstances have been entitled to recover to that extent, where the creditor had released his interest after the action was commenced; and perhaps an assignment of all interest in the receipt, and of so much of the judgment as might be satisfied by the recovery, would have enabled the plaintiff to recover the value, to his own use. But it is not necessary to settle any question of that nature at this time.

*Judgment for the defendant.*